UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE GAMBLE,<br>          Defendant. | Criminal No. 19-348 (CKK) |

**MEMORANDUM OPINION**
(August 27, 2020)

Pending before the Court is Defendant Lawrence Gamble's Motion to Dismiss for Improper Venue and to Transfer Venue ("Defendant's Motion"), ECF No. 61. On July 2, 2020, the Court granted Defendant's Motion, in part, dismissing Count III of the Indictment for improper venue, ECF No. 80. Defendant's request to transfer Counts I and II of the Indictment, however, currently remains pending, as the Court originally held that request in abeyance to allow for further briefing. Also pending before the Court is the Government's motion for reconsideration of the Court's dismissal of Count III of the Indictment, ECF No. 86.

Upon consideration of the briefing, the relevant authorities, and the record as a whole,[1] the Court **DENIES** Defendant's motion to transfer venue and **DENIES** the Government's motion for reconsideration. In its denial of the Government's motion for reconsideration, the Court expressly

---

[1] The Court's consideration has focused on the following:
- Compl., ECF No. 1;
- Indictment, ECF No. 17;
- Def.'s Mot. to Dismiss for Improper Venue and Transfer Venue ("Def.'s Mot."), ECF No. 61;
- Gov't Mem. in Opp'n to Def.'s Mot. ("Gov't Opp'n"), ECF No. 67;
- Mem. Op., ECF No. 81;
- Gov't Mot. for Reconsideration ("Gov't Mot."), ECF No. 86; and
- Def.'s Mem. in Opp'n to Gov't Mot. ("Def.'s Opp'n"), ECF No. 89.

In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCrR 47(f).

1

adopts and incorporates the reasoning provided in the Court's July 2, 2020 Memorandum Opinion, ECF No. 81.

## I.   BACKGROUND[2]

The facts of this case are set forth in the Court's July 2, 2020 Memorandum Opinion, ECF No. 81. As explained therein, Mr. Gamble's case is connected to the prosecution of Rodregiz Cole. Mr. Cole was arrested in Washington, D.C. on April 5, 2019 and subsequently charged with Sex Trafficking of a Minor in violation of 18 U.S.C. § 1591(a). *See* Compl. ¶¶ 4–5.

### A. Factual Background

On April 11, 2019, law enforcement personnel executed a search warrant at Mr. Cole's address in Baltimore, Maryland. *Id.* ¶¶ 11–14. Upon their arrival, law enforcement encountered Mr. Gamble and discovered that he had removed certain items from Mr. Cole's residence and packed them into a Toyota Avalon. *Id.* ¶ 14. Mr. Gamble consented to a search of this car, allowing law enforcement to recover critical evidence relating to Mr. Cole's prosecution. *Id.* ¶ 15. This evidence included "pimp-related clothing (including a jacket depicted in a pimp recruitment video posted on Instagram by [Mr. Cole]); a 'pimp cup;' a 'Pimp of the Year' trophy for the year 2018 awarded to 'Don Byti Balla,' [Mr. Cole's] pimp name; multiple credit cards; and various documents associated with [Mr. Cole]." *Id.* Notably, the Government also alleges that a sonogram picture was found in the center console of the Toyota Avalon. *Id.* The significance of the sonogram was that it contained the name and birth date of the seventeen-year-old female complainant who had told law enforcement that she worked for a pimp, whom she claimed to be Mr. Cole. *Id.* ¶¶ 1–3, 9, 15.

---

[2] The Court draws the following allegations from the Complaint, ECF No. 1, as the Indictment does not contain separate factual allegations, *see* ECF No. 17.

Mr. Gamble denied having knowledge of the sonogram or any knowledge of Mr. Cole being a pimp. *Id.* ¶ 17. Mr. Gamble also denied that he played any part in putting Mr. Cole's items in his car, the Toyota Avalon. *Id.* At the time of the search on April 11, 2019, however, law enforcement found Mr. Gamble with Witness 1. *Id.* ¶ 14. Witness 1 informed law enforcement that Mr. Cole had called her from jail in Washington, D.C., and instructed her to remove his firearms and other important items from his residence with the help of Mr. Gamble. *Id.* ¶ 18, 20–23. Moreover, Mr. Cole had informed Witness 1 that Mr. Gamble and Mr. Cole's mother were already at the house packing up materials at his Baltimore residence. *Id.* ¶ 21. Mr. Cole also made a call on April 9, 2019 to Witness 1, during which Witness 1 stated that Mr. Gamble had, in fact, told her about the sonogram. *Id.* ¶ 23.

On the basis of this conduct, the Government filed a criminal complaint against Mr. Gamble, ECF No. 1, and a Grand Jury subsequently returned an indictment against Mr. Gamble on October 11, 2019, ECF No. 17. The Indictment charges Mr. Gamble with three counts: conspiracy to obstruct justice in violation of 18 U.S.C. 1512(c)(1), (c)(2), (k); obstruction of justice in violation of 18 U.S.C. § 1512(c)(1), (c)(2); and obstruction of enforcement of 18 U.S.C. § 1591 (which prohibits sex trafficking of children by force, fraud, or coercion) in violation of 18 U.S.C. § 1591(d).

### B. Relevant Procedural Background

On April 24, 2020, Mr. Gamble moved to transfer Counts I and II of the Indictment to the District of Maryland and to dismiss Count III of the Indictment for improper venue. *See generally* Def.'s Mot., ECF No. 61. The Government, however, filed an opposition brief addressing only Mr. Gamble's motion to dismiss Count III. *See generally* Gov't Opp'n, ECF No. 67. Accordingly, the Court elected to hold Mr. Gamble's motion to transfer Counts I and II in abeyance, pending a

direct response from the Government.  *See* Mem. Op., ECF No. 81, at 10.  The Court then ruled in favor of Mr. Gamble on his motion to dismiss Count III of the Indictment for improper venue.  *Id.*

The Court's July 2, 2020 decision to dismiss Count III of the Indictment for improper venue began with the plain language of 18 U.S.C. § 1591(d), the statute at issue in Count III.  Mem. Op., ECF No. 81, at 6.  Section 1591(d) provides that "[w]hoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be fined under this title, imprisoned for a term not to exceed 25 years, or both."  Mem. Op., ECF No. 81, at 6 (quoting 18 U.S.C. § 1591(d)).  Importantly, the Court explained that § 1591(d) contains no venue provision.  *See* Mem. Op., ECF No. 81, at 6.  As such, the Court reasoned that venue for Count III was proper where the acts constituting Mr. Gamble's alleged obstruction occurred.  *See id.* at 5–6 (citing *United States v. Morgan*, 393 F.3d 192, 196 (D.C. Cir. 2004)).  Then, applying D.C. Circuit precedent, the Court concluded that "because the alleged essential conduct elements [of Mr. Gamble's alleged obstruction under § 1591(d)] all occurred in Maryland," venue for Count III is improper in the District of Columbia.  Mem. Op., ECF No. 81, at 9.

In reaching this conclusion, the Court rejected two specific theories of venue presented by the Government.  First, the Court foreclosed the Government's argument "that a violation of section 1591(d) is a continuing offense."  Mem. Op., ECF No. 81, at 7; *see also* Gov't Opp'n at 6–7.  Here, the Court found nothing to "indicate[ ] that a violation of section 1591(d) is, by default, 'begun in one district or completed in another' or 'committed in more than one district.'"  Mem. Op., ECF No. 81, at 7 (quoting 18 U.S.C. § 3237(a)).  In particular, the Court further explained that the Government could not show obstruction under § 1591(d) to be a "continuing offense" by comparing it to the trafficking offense set forth in § 1591(a).  *See* Mem. Op., ECF No. 81, at 7.

Second, the Court also rejected the Government's position that venue was proper for Count III because Mr. Gamble's alleged obstruction under § 1591(d) "impacted" the District of Columbia. *See* Gov't Opp'n, at 7; Mem. Op., ECF No. 81, at 8. Specifically, the Court recognized that the D.C. Circuit "has rejected the argument that the effects of alleged obstruction of justice on a case in a district can be sufficient to establish venue in that district when the underlying acts all occurred in another district." Mem. Op., ECF No. 81, at 8 (citing *United States v. Swann*, 441 F.2d 1054, 1054–55 (D.C. Cir. 1971)). Accordingly, the Court concluded that the presence of Mr. Cole's prosecution in the District of Columbia alone did not render venue for Mr. Gamble's obstruction charge proper within this judicial district. *See* Mem. Op., ECF No. 81, at 8–9.

## II. DISCUSSION

Now pending before the Court is the Government's motion for reconsideration of the Court's dismissal of Count III of the Indictment for improper venue. Also pending before the Court is Defendant's motion to transfer the remaining Counts I and II of the Indictment to the District of Maryland. For the reasons below, the Court **DENIES** both motions.

### A. Motion for Reconsideration

The Government moves this Court to reconsider its July 2, 2020 order, dismissing Count III of the Indictment for improper venue. *See* Gov't Mot. at 4–9. "While the Federal Rules of Criminal Procedure do not provide for motions for reconsideration," this Court has "determined that motions for reconsideration may be entertained in criminal cases." *United States v. Slough*, 61 F. Supp. 3d 103, 107 (D.D.C. 2014) (quoting *United States v. Cabrera*, 699 F.Supp.2d 35, 40 (D.D.C.2010) (collecting cases)). In the absence of an applicable rule of criminal procedure, courts have relied upon the civil rules governing motions for reconsideration in analogous contexts. *See Slough*, 61 F. Supp. 3d at 107; *United States v. Sunia*, 643 F. Supp. 2d 51, 60–61 (applying an "as

5

justice requires" standard). Applying this framework, the Court will grant the Government's motion for reconsideration only if it demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *G&E Real Estate, Inc. v. Avison Young-Washington, D.C., LLC*, 201 F. Supp. 3d 50, 52 (D.D.C. 2016).

The Government fails to meet this standard. As a threshold matter, the Government does not seek reconsideration on the basis of "new evidence" that was previously unavailable, nor does it present any such evidence here. *See* Gov't Mot. at 4–9. Neither does the Government identify any "intervening change in the law." Indeed, none of the authority cited in the Government's brief arose *after* its initial opposition was filed, and, even then, the cases provided offer no change in controlling law regarding venue under § 1591(d). *See, e.g.*, *Jones v. United States Dep't of Justice*, 315 F. Supp. 3d 278, 281 (D.D.C. 2018) (denying a motion for reconsideration where "[n]one of the four decisions cited by [the movant] provide[d] a change in controlling law applicable to his case"). Consequently, for the Government to succeed, it must demonstrate some "clear error" made in this Court's July 2, 2020 order. *See G&E Real Estate*, 201 F. Supp. 3d at 52.

Here, the Government's motion also falls short. First, the Government renews its argument under the "effects test," and asserts that venue properly lies in the District of Columbia for Count III of the Indictment because Mr. Gamble's alleged acts of obstruction under § 1591(d) "impacted" an investigation in this district. *See* Gov't Mot. at 5–7. To justify this position, the Government directs the Court to a circuit split regarding the proper venue for false statement prosecutions under 18 U.S.C. § 1001, as well as the Third Circuit's consideration of proper venue under the Hobbs Act. *See* Gov't Mot. at 5–7. Reliance on such unsettled questions of law and non-binding precedent addressing statutes other than the one at issue (§ 1591(d)) is hardly sufficient to show a "clear error" in this Court's original dismissal order. This is particularly true given the binding

authority underwriting the Court's original decision, which addressed more closely analogous obstruction of justice and bribery statutes. *See* Mem. Op., ECF No. 81, at 8–9 (citing *Swann*, 441 F.2d at 1054–55; *United States v. Moore*, 582 F. Supp. 1575, 1577 (D.D.C. 1984) (following *Swann* to dismiss case in which defendant, in Maryland, allegedly threatened witness in District of Columbia case in violation of 18 U.S.C. § 1512)). In fact, the Government's present motion makes no attempt to distinguish these cases. *See* Gov't Mot. at 5–7.

Second, the Government now contends that the "essential elements" of Mr. Gamble's alleged obstruction under § 1591(d) occurred in the District of Columbia. *See* Gov't Mot. at 7–9. The Court notes, however, that this "essential elements" argument does not clearly appear anywhere in the Government's original opposition brief, *see* Gov't Opp'n at 5–7, and, as a general matter, arguments presented for the first time in a motion for reconsideration are untimely. *See District of Columbia v. Doe*, 611 F.3d 888, 896 (D.C. Cir. 2010). Regardless, the Government's "essential elements" argument is unavailing. Namely, this argument rests on a construction of § 1591(d) that cannot be reasonably squared with the D.C. Circuit's ruling in *Swann*, which found that venue for a prosecution under 18 U.S.C. § 1503 was improper in the District of Columbia, notwithstanding the fact that the affected proceeding in that case occurred within the district. *Swann*, 441 F.2d at 1055. The necessary implication of the *Swann* holding is that the "essential elements" of an obstruction charge *do not* occur in a particular judicial district simply because the "obstructed" proceeding at issue occurs therein. *See* U.S. CONST. art. III, § 2, cl. 3. The Government's "essential elements" argument offers no discussion of this holding in *Swann*, but instead relies upon the Second Circuit's evaluation of materiality under 18 U.S.C. § 1001. *See* Gov't Mot. at 8. This non-binding precedent might raise interesting questions of law present in other jurisdictions, but it is not enough to show "clear error" on a motion for reconsideration.

For these reasons, the Government has failed to provide any basis for reconsideration of the Court's July 2, 2020 order. The Court **DENIES** the Government's motion for reconsideration, accordingly.

### B.  Transfer of Venue

Next, the Court considers Defendant's motion to transfer Counts I and II of the Indictment to the District of Maryland. *See* Def.'s Mot. at 5. The Court's July 2, 2020 order held this request for transfer in abeyance, pending further information from the Government. *See* Mem. Op., ECF No. 81, at 10. On July 17, 2020, the Government submitted its opposition to Defendant's motion to transfer, and Defendant has now had an opportunity to reply. Accordingly, Defendant's motion to transfer is now ripe for review.

As an initial matter, the Court notes that venue is technically proper in the District of Columbia for Counts I and II of the Indictment. *See* Mem. Op., ECF No. 81 at 6, n.3; *see also* Def.'s Reply at 7 (citing 18 U.S.C. § 1512(i)). Consequently, the Court will evaluate Defendant's motion to transfer venue for these counts under Federal Rule of Criminal Procedure 21(b), which provides that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." FED. R. CRIM. P. 21(b).

"In *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240 (1964), the Supreme Court provided guidance for lower courts for determining whether to grant a motion to transfer venue in a criminal case pursuant to Rule 21(b)." *United States v. Hassanshahi*, No. CV 13-0274 (RC), 2015 WL 7307079, at *2 (D.D.C. Nov. 19, 2015). Following the guidance in *Platt*, courts consider ten factors: "(1) location of the defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of

the defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district of division involved; and (10) any other special elements which might affect the transfer." *United States v. Bowdoin*, 770 F. Supp. 2d 133, 137–38 (D.D.C. 2011).  Whether to transfer venue is a matter left to the district court's sound discretion and "[t]here is a general presumption that a criminal prosecution should be retained in the original district." *Id.*

Here, the parties offer competing arguments under the *Platt* factors.  For his part, Defendant emphasizes that the District of Maryland is a proper venue for Counts I and II of his Indictment, and that it "is a substantially more convenient forum for [him], as he is of limited means and currently is on home confinement in Baltimore."  Def.'s Mot. at 5.  Defendant also notes that several potential fact witnesses, including Witness 1, live outside the District of Columbia.  *See* Def.'s Opp'n at 8.  In response, the Government argues that Defendant should stand trial before "the same judge handling the related prosecution of [Mr. Cole]," the prosecution Defendant allegedly obstructed.  Gov't Mot. at 10.  Moreover, the Government contends that the primary witnesses, apart from Defendant himself, in fact, are located within the District of Columbia.  *Id.* at 10–11.  The Government also points to the administrative inefficiencies associated with transferring this case, such as the inclusion of additional federal prosecutors in Maryland.  *Id.* at 11.

In view of these competing considerations of convenience, the Court will exercise its discretion and **DENY** Defendant's motion to transfer Counts I and II of the Indictment to the District of Maryland.  Defendant's principal argument in favor of transfer relates to the costs of transportation he might incur during trial.  The Court notes, however, that Defendant may move the Court for an order allowing him to recover certain expenses incurred from traveling to the

District of Columbia during the pendency of this case.  *See* 18 U.S.C. § 4285.[3]  As such, transfer is not justified here.  This conclusion comports with the "general presumption that a criminal prosecution should be retained in the original district." *Bowdoin*, 770 F. Supp. 2d at 138.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to transfer venue, ECF No. 61, and **DENIES** the Government's motion for reconsideration, ECF No. 86.  An appropriate Order accompanies this Memorandum Opinion.

Dated:  August 27, 2020

/s/<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge

---

[3] The Court acknowledges that Mr. Gamble is currently detained in Maryland as the result of a non-federal criminal proceeding.  The Court understands that Mr. Gamble's next hearing in the Maryland case will occur on November 4, 2020.  The Court will continue to monitor this proceeding, as necessary.